United States District Court
Southern District of Texas

**ENTERED**

March 07, 2018

David J. Bradley, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **CHRISTY GRAVES, et al.,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **DAVID BAECKER, et al.,** | § | |
| **Intervenor Plaintiffs,** | § | |
| | § | |
| | § | |
| **v.** | § | **CASE NO. 4:17-CV-3068** |
| | § | |
| **ARKEMA INC., RICHARD RENNARD,** | § | |
| **RICHARD P. ROWE, ANDREW** | § | |
| **BURDETT, and BUREAU VERITAS** | § | |
| **NORTH AMERICA, INC.,** | § | |
| | § | |
| **Defendants.** | § | |

# O R D E R

Pending before the Court are Defendant Richard Rennard's Motion to Dismiss for Failure to State a Claim and Improper Joinder, **(Instrument No. 16)**, Defendant Richard Rennard's Motion to Dismiss for Failure to State a Claim and Improper Joinder and Motion to Dismiss under the Texas Citizens' Participation Act, **(Instrument No. 38)**, Plaintiffs' and Intervenors' Joint Motion to Remand, **(Instrument No. 18)**, and Intervenor Plaintiff David Baecker's Motion to Remand. **(Instrument No. 19)**.

## I.

Plaintiffs and Intervenors claim negligence related to a series of fires at Defendant Arkema, Inc. ("Arkema")'s Crosby facility. (Instrument No. 16). Following Hurricane Harvey which made landfall on August 25, 2017, Arkema's chemical facility in Crosby, Texas, took on water, leaving highly volatile chemicals to decompose and ignite. (Instrument No. 18 at 2).

Plaintiffs and Intervenors are Texas citizens who live and work in the Crosby area. (Instrument No. 18 at 2-3). All residents within a 1.5 mile radius around the Crosby facility, including many of the Plaintiffs and Intervenors, were mandatorily evacuated from their homes and businesses. *Id.* Some of the Plaintiffs were sheriff's officers and emergency medical service officers who acted as first responders and operated in and around the evacuated zone to maintain its perimeter. *Id.* at 3. Plaintiffs and Intervenors allege they were harmed following ignition of the chemicals in Arkema's Crosby facility. *Id.* at 3, 6.

Plaintiffs filed suit in state court on September 7, 2017, against Defendant Arkema and individual Defendants Richard Rowe, Richard Rennard ("Rennard"), and Andrew Burdett for negligence, gross negligence, negligence per se, and negligent misrepresentation. (Instrument No. 18 at 6). When Plaintiffs first filed suit, they asked the state court for a temporary restraining order to enjoin Defendants from destroying, selling, or modifying evidence related to the case. *Id.*; *See* (Instruments No. 18-2; No. 1-2 at 10-13). In advance of the September 7, 2017 hearing on Plaintiffs' requested restraining order, Plaintiffs' provided Arkema's counsel a copy of the Original Petition and Request for Temporary Restraining Order by email on September 7, 2017. *Id.* at 7. Counsel for Arkema appeared at the hearing. *Id.* The state court granted the temporary restraining order. (*See* Instrument No. 18-2 at 13-14).

Plaintiffs filed their Second Amended Petition in state court on September, 20, 2017, adding Defendant Bureau Veritas North America, Inc. (Instrument No. 1-2 at 57).

Intervenor David Baecker filed an Original Petition in Intervention as a plaintiff on September 12, 2017. (Instrument No. 1-2 at 36). Intervenors Gay McCoy, Kevin McCoy, Individually and as Next Friend of Kurtis T. McCoy filed an Original Petition in Intervention as plaintiffs on September 15, 2017 ("McCoy Intervenors"). (Instrument No. 1-2 at 44). Intervenors

2

Stephen Burns, Johnathan Lamm, Juan Cepeda, and Norma Cepeda, Individually and as Next Friends of L.C. filed an Original Petition in Intervention as plaintiffs on September 21, 2017 ("Burns Intervenors"). (Instrument No. 1-2 at 78). Intervenors Troy and Danyel Reuter, Individually and as Next Friends of Jaden Reuter and Brooke Reuter filed an Original Petition in Intervention as plaintiffs on September 28, 2017 ("Reuter Intervenors"). (Instrument No. 1-2 at 88). Intervenors Jackie Callahan, Shane Dody, David Gilliland, Melissa Duplechain, Roberta White, Carmelita West, Individually and as Next Friend of Minor Child ("Callahan Intervenors") filed an Intervenors' Complaint on November 15, 2017. (Instrument No. 21). The Callahan Intervenors' Complaint adds causes of action for private nuisance, public nuisance, and trespass to real property. *Id.* at 9-11.

On October 12, 2017 Arkema removed this action from state court. (Instrument No. 1). On November 8, 2017 Richard Rennard filed his Motion to Dismiss for Failure to State a Claim and Improper Joinder. (Instrument No. 16). On November 10, 2017 Plaintiffs, the McCoy Intervenors, and the Reuter Intervenors filed a Joint Motion to Remand. (Instrument No. 18). On November 10, 2017 Intervenor David Baecker filed a Motion to Remand, adopting by reference the facts, arguments and authorities set forth in Plaintiffs' and Intevenors' Joint Motion to Remand. (Instrument No. 19). The parties filed responses and replies. Additionally, Defendant Richard Rennard filed a Motion to Dismiss for Failure to State a Claim and Improper Joinder and Motion to Dismiss under the Texas Citizens' Participation Act on January 18, 2018. (Instrument No. 38). Rennard's second Motion to Dismiss incorporates his previous motions and requests that the Court apply them to the Callahan Intervenors' Complaint filed in this Court on November 15, 2017. *Id.*

## II.

### A.

Under 28 U.S.C. § 1441(a) any state court civil action where a federal court would have original jurisdiction may be removed from state to federal court. *See Gasch v. Hartford Acc. & Idem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007). A federal court maintains original jurisdiction over civil actions where the parties are diverse and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). In order to be subject to diversity jurisdiction the parties must be completely diverse, or rather, no plaintiff can share citizenship with any defendant. *Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir. 1992). If it is discovered at any time that the district court lacks subject matter jurisdiction, the case must be remanded. *See* 28 U.S.C. § 1447(c). Ambiguities and doubts are to be construed against removal and in favor of remand. *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

### B.

The doctrine of improper joinder ensures that the presence of an improperly joined, non-diverse defendant does not defeat federal removal jurisdiction premised on diversity. *Borden v. Allstate*, 589 F.3d 168, 171 (5th Cir. 2009). The court may decide to ignore an improperly joined non-diverse defendant when determining subject matter jurisdiction. *Cobb v. Delta Exps., Inc.*, 186 F.3d 675, 677-78 (5th Cir. 1999).

A removing party carries a heavy burden when attempting to prove improper joinder. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002). To demonstrate improper joinder of resident defendants, the removing defendants must demonstrate either: (1) actual fraud in the pleading of a jurisdictional fact, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Gasch*, 491

4

F.3d at 281 (citing *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006)). Under the second method of demonstrating improper joinder, a non-diverse defendant is improperly joined when there is no "reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (*en banc*). A reasonable basis is more than merely a theoretical basis. *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 462 (5th Cir. 2003). The presence of one valid cause of action against at least one of the non-diverse defendants requires remand of the entire case to state court. *Gray v. Beverly Enters.–Miss., Inc.*, 390 F.3d 400, 412 (5th Cir. 2004).

The standard for evaluating a claim of improper joinder resembles that used in evaluating a motion to dismiss under Federal Rules of Civil Procedure 12(b)(6), except that the scope of the inquiry for improper joinder is broader. *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007). In improper joinder cases the court may pierce the pleadings and consider summary judgment-type evidence to determine whether the plaintiff's claim has a basis in fact. *Id.* "[W]hether the plaintiff has stated a valid cause of action depends upon and is tied to the factual fit between the plaintiffs' allegations and the pleaded theory of recovery." *Griggs v. State Farm Lloyds*, 181 F. 3d 694, 701 (5th Cir. 1999). Thus, a defendant can avoid remand by showing that a state court petition fails to allege "specific actionable conduct" sufficient to support a cause of action against a non-diverse defendant. *See id.* at 699. Mere formulaic recitations of violations of statutes that are not accompanied by specific allegations concerning the actions of the individual defendant are not sufficient to create a reasonable basis to predict that the plaintiff will be able to recover against the individual. *Richnow v. NGM Ins. Co.*, 2012 WL 5185874 at *3 (S.D. Tex. Oct. 18, 2012) (Lake, J.). In deciding whether a party was improperly joined, the court reads all allegations in the light most favorable to the plaintiff, *Smallwood*, 385 F.3d at 575, and resolves

all contested factual issues and ambiguities of state law in favor of the plaintiff. *Gasch*, 491 F.3d at 281.

**III.**

Plaintiffs and Intervenors allege that because individual defendants Andrew Burdett and Richard Rennard ("Rennard") are both residents of Texas, complete diversity does not exist in this case. (Instrument No. 18 at 10-11). However, the three individual Defendants in this case, Andrew Burdett, Richard Rowe, and Richard Rennard have all filed affidavits related to their residency. (Instruments No. 29 at 10; No. 29-1; No. 29-2; No. 16-3). Of the three individual Defendants, only Rennard is a resident of Texas. The issue before this Court is whether Plaintiffs and Intervenors improperly joined Rennard. If the Court finds that Rennard is improperly joined, then complete diversity between Plaintiffs and Defendants would exist.

Plaintiffs' Second Amended Petition brings claims of negligence, gross negligence, negligence per se and negligent misrepresentation against Rennard. (Instrument No. 1-2 66-68). Rennard contends that Plaintiffs' and Intervenors' first three causes of action: negligence, gross negligence and negligence per se do not state plausible facts against Rennard individually. (Instrument No. 16 at 9). Plaintiffs and Intervenors specifically allege that Defendants are liable for: (1) failing to properly store chemicals at the Crosby facility; (2) failing to develop, implement, and maintain proper procedures for the backup refrigeration of the chemicals at the Crosby facility; (3) failing to develop, implement, and maintain adequate and reasonable procedures concerning the safe maintenance of highly toxic and inherently dangerous chemicals maintained at the Crosby facility; (4) failing to have adequate procedures to protect the safety and welfare of the community in case of a catastrophe or major flooding event; (5) failing to provide the public and first responders with accurate information regarding the chemicals and the

6

potential risks they posed; (6) failing to properly warn the public and first responders concerning the risks associated with the dangerous chemicals maintained at the plant; (7) failing to implement procedures put in place by Arkema and governmental agencies regarding the handling of chemicals; and (8) failing to adequately prepare for a major flood event. (Instruments No. 1-2 at 66-67; No. 16 at 9; No. 21 at 7).[1]

Rennard asserts that he never worked at the Arkema facility in Crosby, Texas, and that his work responsibilities are related to a separate and distinct division of Arkema at a different facility. (Instrument No. 16-3 at 3). Rennard also asserts that his personal involvement with the events began on August 29, 2017, after the Crosby facility had taken on water, to give statements on behalf of Arkema during a press conference. *Id.* Rennard asserts that Arkema chose him to speak at the press conference because he was the most senior Arkema official physically located near the Crosby facility at that time. *Id.* The allegations in the complaints provide no plausible facts to show how Rennard was individually involved in the alleged conduct related to the claims of negligence, gross negligence, or negligence per se, nor can Plaintiffs plausibly contend that Rennard is individually liable for conduct that precedes his involvement in Crosby.

The only cause of action for which Plaintiffs provide factual allegations specific to Rennard is negligent misrepresentation. The elements of a cause of action for the breach of this duty are: (1) the representation is made by a defendant in the course of his business, or in a transaction in which he has a pecuniary interest; (2) the defendant supplies "false information" for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffers

---

[1] In their motions, the parties focus primarily on the Second Amended Petition filed by the Graves Plaintiffs. The Intervenors have each filed their own complaints, some of which bring negligent misrepresentation as a cause of action, and some of which do not. To the extent the Intervenor Complaints contain causes of action against individual Defendant Richard Rennard, the Court's analysis of improper joinder of Rennard applies equally to those complaints.

pecuniary loss by justifiably relying on the representation. *Fed. Land Bank Ass'n of Tyler v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991).

Plaintiffs' Second Amended Petition bases the negligent misrepresentation claim against Rennard on three comments he made during an August 31, 2017 press conference. Plaintiffs' Second Amended Petition specifically alleges:

> On the news, Arkema, Inc.'s representatives Richard Rennard and Richard P. Rowe held press conferences in Harris County, Texas and repeatedly denied that the chemicals were toxic or harmful in any manner to the people, and first responders, in the community. During one such press conference, Rennard remarked that the toxicity of the smoke from the Arkema facility is "a relative thing." In another press conference, Rennard admitted that the smoke and fire would cause irritation "just like any fire."

(Instrument No. 1-2 at 64). Plaintiffs Second Amended Petition alleges that "Defendants further represented that the dangers associated with the explosions and fire at the Crosby facility were akin to standing next to a campfire." *Id.* at 68.

Intervenors' Complaints similarly contend that Rennard "minimized any potential risks posed by the chemicals in question in the event of any combustion or explosion. These representations ultimately proved to be false." (Instruments No. 1-2 at 39; 48; 51; 81; 92; 95; No. 21 at 5).

"[W]hether the plaintiff has stated a valid state law cause of action depends upon and is tied to the factual fit between the plaintiffs' allegations and the pleaded theory of recovery." *Griggs*, 181 F.3d at 701. Rennard contends that he never made the "campfire" comparison, (Instrument No. 16 at 3), and a review of the transcript from the August 31, 2017 press conference confirms his assertion:

> UNIDENTIFIED FEMALE SPEAKER: Is it true it's [the fire is] no more dangerous than a campfire; is that correct?

8

MR. RENNARD: You know, I can't – I heard the sheriff say that (recording briefly inaudible) the intensity of the smoke or . . . . No, I heard the comment, but again I don't want to make any comparisons on the kind of smoke that's coming from our –

UNIDENTIFIED FEMALE SPEAKER: So you can't be sure that it's just a campfire smoke? You can't be sure that —

MR. RENNARD: No, what I can tell you is that the toxicity of the smoke will certainly cause an irritation to your eyes and you treat it just like any smoke (recording briefly inaudible). We encourage people not to – you know, just to avoid (recording briefly inaudible).

(Instrument No. 16-1 at 8)

The transcript also shows that Plaintiffs' Second Amended Petition takes out of context Rennard's statement that the smoke would cause irritation "just like any fire." (Instrument No. 1-2 at 64).[2] Rennard asserts that he does not "want to make any comparisons on the kind of smoke" that was coming from the Arkema facility. Rennard further describes the smoke as toxic and says that the smoke would cause an irritation to the body that one would treat "just like any smoke" and cautions people to avoid contact with the smoke. This statement, therefore, cannot support a claim of fraudulent misrepresentation because the statement does not supply false information.

Plaintiffs support their negligent misrepresentation claim against Rennard with an additional statement where Rennard said that "toxicity is a relative thing." (Instrument No. 1-2 at 64). The relevant portion of the exchange is provided below:

UNIDENTIFIED FEMALE SPEAKER: Can you say the fumes are nontoxic or you're just not so sure?

MR. RENNARD: They're noxious certainly. The toxicity of the field, do you mean the smoke?

---

[2] Plaintiffs' Second Amended Petition misquotes Rennard as saying that "Rennard admitted that the smoke and fire would cause irritation 'just like any fire.'" (Instrument No. 1-2 at 64). In fact, Rennard stated that the "toxicity of the smoke will certainly cause an irritation to your eyes and you treat it just like any smoke." (Instrument No. 16-1 at 8); *see also* (Instrument No. 24 at 11).

UNIDIENTIFIED FEMALE SPEAKER: Yeah.

MR. RENNARD: I mean, it's – I don't know the composition of the smoke, but it's certainly noxious.

UNIDENTIFIED FEMALE SPEAKER: You can't say that neither smoke nor the products themselves are nontoxic?

UNIDENTIFIED MALE SPEAKER: How close are air monitors?

UNIDENTIFIED FEMALE SPEAKER: Hold on. Please answer the question. Nontoxic or can you not say that?

MR. RENNARD: It's noxious. The toxicity is –

UNIDIENTIFIED FEMALE SPEAKER: So you're not able to say that any of this is nontoxic, correct? I just want to make sure I'm correct.

MR. RENNARD: Organic peroxides are – as the sheriff said, they are chemical materials that are used to initiate other chemical production for the purpose of making plastics. The toxicity is a –

UNIDENTIFIED FEMALE SPEAKER: Okay. So you can't say, you're not going to say that they're nontoxic, correct? Are you going to say they're nontoxic or are you not, yes or no. I think that's a pretty important –

MR. RENNARD: The smoke is noxious. I don't –

UNIDENTIFIED FEMALE SPEAKER: Okay.

MR. RENNARD: Toxicity is a relative thing.

(Several people were speaking at the same time, thus making transcription impossible)

MR. RENNARD: If you breathe in the smoke it's going to irritate your lungs and it's like an irritant. It's going to cause an irritation in your lungs.

(Instrument No. 16-1 at 10-11). Rennard asserts that he does not know the composition of the smoke and declines to comment on its toxicity, noting that "toxicity is a relative thing." The statement that "toxicity is a relative thing" is a true statement. (*See Borg-Warner Corp. v. Flores*,

232 S.W.3d 765, 771 (Tex. 2007) ("One of toxicology's central tenets is that 'the dose makes the poison.'" (citation omitted)). Plaintiffs cannot allege that this statement is a denial "that the chemicals were toxic or harmful in any manner to the people," (Instrument No. 1-2 at 64), or minimized the risk of inhaling it because Rennard specifically cautions against inhaling the smoke and describes it several times in the exchange as "noxious" and an irritant to the lungs. The three statements that Plaintiffs attribute to Rennard in their Second Amended Petition are therefore true statements taken out of context and cannot support a cause of action for negligent misrepresentation against him.

In their Response, Plaintiffs allege that the Second Amended Petition alleges that Rennard misrepresented that the chemicals were "nothing that would pose any long-term harm or impact," and that any environmental impact would be "minimal." (Instrument No. 24 at 6). However, in their Second Amended Petition, Plaintiffs direct those allegations against Defendant Richard Rowe, not Defendant Richard Rennard. (*See* Instrument No. 1-2 at 64). Moreover, Plaintiffs do not provide factual allegations that Rennard failed to exercise reasonable care in communicating the information. Instead, Plaintiffs and Intervenors provide only bald and conclusory statements to plead the additional elements of negligent misrepresentation ("Defendants supplied this false information and failed to exercise reasonable care in doing so."). (*See* Instruments No. 1-2 at 51, 68, 95; No. 21 at 8). The same is true for Plaintiffs' pleading of the justifiable reliance element to negligent misrepresentation ("Plaintiffs relied upon these representations to their detriment. Plaintiffs justifiably relied upon these representations."). (*See* Instruments No. 1-2 at 68, 51, 95; No. 21 at 8).

Also in their Response, Plaintiffs now point to additional allegedly false statements that Rennard made at the August 31, 2017 press conference which are not in the Second Amended

11

Petition or in any of the Intervenors' Complaints. (Instrument No. 24 at 6). Plaintiffs remark that if the Court pierces the pleadings, then the Court should consider additional statements Rennard made at the press conference that support Plaintiffs' cause of action against him for negligent misrepresentation. *Id.* at 6. Plaintiffs further request in their Response that the Court consider an affidavit of a plaintiff in this case who asserts that she relied on Rennard's statements to her detriment. *Id.* at 6, 14.

A court determines "removal jurisdiction on the basis of claims in the state court complaint as it exists at the time of removal." *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995). Plaintiffs have not requested the Court's approval to amend their Complaint. Instead, Plaintiffs seem to argue that because the Court can "pierce the pleadings" to determine improper joinder, the Court should consider Plaintiffs' additional factual allegations to avoid dismissal of Plaintiffs' claims against Rennard. Plaintiffs' argument is unpersuasive. The Court's consideration of the press conference transcript is proper to determine if "a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder." *Smallwood*, 385 F.3d at 573. "Piercing the pleadings," however, "will never advantage a plaintiff; it cannot work to resurrect a facially deficient complaint, but only to deflate a superficially viable one." *Druker v. Fortis Health*, 2007 WL 38322 at *3 n.1 (S.D. Tex. Jan. 4, 2007) (Alvarez, J.). Plaintiffs' Second Amended Petition fails to state a plausible claim against Rennard because it fails to plead factual allegations to meet all elements of the negligent misrepresentation claim. Plaintiffs cannot cure the facial deficiency of their Second Amended Petition or any of the Intervenors' Complaints in their Response to Rennard's Motion to Dismiss.

Plaintiffs have failed to state a claim against Defendant Richard Rennard for negligence, gross negligence, negligence per se, and negligent misrepresentation. Accordingly, the Court

12

GRANTS Defendant Richard Rennard's Motion to Dismiss for Failure to State a Claim and Improper Joinder. (Instrument No. 16). Defendant Richard Rennard is DISMISSED WITHOUT PREJUDICE.

On January 18, 2018, Defendant Richard Rennard filed a Motion to Dismiss for Failure to State a Claim and Improper Joinder and Motion to Dismiss under the Texas Citizens' Participation Act. (Instrument No. 38). In his motion, Rennard acknowledged that the Callahan Intervenors had filed their Complaint and requested that the Court apply Rennard's Motions to Dismiss to the Callahan Intervenors' Complaint. *Id.* Pursuant to the Court's prior ruling denying Defendant Arkema's Motion to Dismiss under the Texas Citizens' Participation Act, (Instrument No. 51), the Court GRANTS in part and DENIES in part Defendant Richard Rennard's Motion to Dismiss. (Instrument No. 38). The Court GRANTS Defendant Richard Rennard's Motion to Dismiss as it relates to improper joinder and DISMISSES without prejudice the Callahan Intervenors' claims against individual Defendant Richard Rennard. The Court DENIES Defendant Richard Rennard's Motion to Dismiss as it relates to the Texas Citizens' Participation Act.

## IV.

Plaintiffs and Intervenors also filed a Motion to Remand. (Instruments No. 18; No. 19). Plaintiffs argue that the presence of Defendant Rennard defeats diversity and that remand is proper as Defendant Arkema failed to timely remove this suit from Harris County state court. (Instrument No. 18 at 8). In light of the Court's dismissal of Defendant Richard Rennard, Plaintiffs can now only base their Motion to Remand on the timeliness of Defendant Arkema's removal of the action. *See supra*, *III*. Plaintiffs contend that Defendant Arkema received notice of the suit on September 7, 2017 and that on that date Defendant Arkema's counsel appeared on

the record and invoked the judgment of the trial court during a temporary restraining order ("TRO") hearing, thereby waiving the necessity of service. *Id.* at 18.

Under 28 U.S.C. § 1446(b), a defendant must file a notice of removal in federal court within thirty days of formal service. "[A] defendant's right to removal runs from the date on which it is *formally served with process.*" *Thompson v. Deutsche Bank Nat. Trust Co.*, 775 F.3d 298, 303 (5th Cir. 2014) (emphasis added); *see Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999). Even if a defendant is aware of the pending litigation when it receives a courtesy copy of the complaint from the plaintiff, the defendant is not required to remove the action until it is formally served. *Thompson*, 775 F.3d at 303. Instead, the 30 day clock begins to run upon formal service, or upon waiver of service. *See Bebee v. Motorola Solutions, Inc.*, 2017 WL 1180428 at *2-3 (S.D. Tex. Mar. 29, 2017) (Harmon, J.). Although Texas Rule of Civil Procedure 120 provides that a defendant may waive service of process through an appearance in open court, courts have held that ancillary appearances by defense counsel do not by themselves constitute a waiver of the right to remove. *See George-Baunchand v. Wells Fargo Home Mortg., Inc.*, 2010 WL 5173004 at *4 (S.D. Tex. Dec. 14, 2010) (Rosenthal, J.) (defendant who petitioned to dissolve a preliminary injunction did not waive the right to remove); *Turner v. Turner*, 1999 WL 33659 at *3 (Tex. App.—Houston [14th Dist.] Jan. 28, 1999) (attorney's appearance at TRO did not constitute a general appearance).

Defendant Arkema did not waive removal even though Arkema's outside counsel appeared at the TRO hearing in state court on September 7, 2017. (*See* Instrument No. 1-1). The record shows that Defendant Arkema was never formally served with process and neither accepted nor waived service of process prior to September 14, 2017. (Instruments No. 1-1 at 3;

No. 1-4). Twenty eight days later, on October 12, 2017, Defendant Arkema filed the notice of removal. (Instrument No. 1). Defendant Arkema's notice of removal was timely.

Accordingly, the Court DENIES Plaintiffs' and Intervenors' Joint Motion to Remand, (Instruments No. 18), and DENIES Intervenor David Baecker's Motion to Remand. (Instrument No. 19).

**V.**

Based on the foregoing, **IT IS HEREBY ORDERED** that Defendant Richard Rennard's Motion to Dismiss for Failure to State a Claim and Improper Joinder is **GRANTED**. **(Instrument No. 16)**. Defendant Richard Rennard is **DISMISSED WITHOUT PREJUDICE**.

Defendant Richard Rennard's Motion to Dismiss for Failure to State a Claim and Improper Joinder and Motion to Dismiss under the Texas Citizens' Participation Act is **GRANTED in part** and **DENIED in part**. **(Instrument No. 38)**. The Court **GRANTS** Defendant Richard Rennard's Motion to Dismiss as it relates to improper joinder and **DISMISSES WITHOUT PREJUDICE** individual Defendant Richard Rennard from the Callahan Intervenors' Complaint. The Court **DENIES** Defendant Richard Rennard's Motion to Dismiss as it relates to the Texas Citizens' Participation Act.

Plaintiffs' and Intervenors' Joint Motion to Remand, **(Instruments No. 18)**, is **DENIED**. Intervenor David Baecker's Motion to Remand, **(Instrument No. 19)**, is **DENIED**.

The Clerk shall enter this Order and provide a copy to all parties.

**SIGNED** on this the _____ day of March, 2018, at Houston, Texas.

**VANESSA D. GILMORE**
**UNITED STATES DISTRICT JUDGE**

15
